No. 3005

Second Circuit

LAWTHROP v. E. P. McKENNA BROKERAGE CO., INC.

(November 8, 1928. Opinion and Decree.)

Robertson and Gibbs, of Shreveport, attorneys for plaintiff, appellee.

Dickson and Denny, of Shreveport, attorneys for defendant, appellant.

STATEMENT OF THE CASE

REYNOLDS, J. Plaintiff sold to defendant a carload of sweet potatoes f.o.b. Bokohoma, Oklahoma, to be transported to Shreveport, Louisiana.

Defendant denies liability on the ground that the

"Carload of sweet potatoes arrived in Shreveport in apparent good condition, but that the potatoes had a latent, hidden and inherent defect, which could not be ascertained from ordinary inspection; that defendant received the shipment; that the defect with which the potatoes were affected was that they had been frost-bitten before they were dug, and this defect could not be detected until the potatoes were cooked or until such time that they began to decompose and decay."

On this issue the case was tried and there was judgment in favor of the plaintiff and defendant appealed.

OPINION

The potatoes were sold f.o.b. Bokohoma, Oklahoma, to be transported to Shreveport, Louisiana, by the carrier and there delivered to the purchaser; and the only question presented by the record is, were the potatoes sound when loaded in the car at Bokohoma, Oklahoma, or were they then frost-bitten?

Three witnesses, Buck Clawdis, J. R. Dreker, and C. S. Lawthrop, Jr., saw the potatoes when they were loaded, and testified that they were not then frost-bitten or otherwise damaged; and their testimony is uncontradicted.

The potatoes left Bokohoma, Oklahoma, January 9, 1926, and arrived in Shreveport,

Louisiana, January 11, 1926. On their arrival, or soon thereafter, they were inspected by Mr. Clark White, a representative of defendant, who, three days after the car arrived in Shreveport, Louisiana, told Mr. C. S. Lawthrop, Jr., plaintiff's son—

"That he personally inspected the potatoes that day and they were all right."

Mr. E. P. McKenna, the manager of the defendant company's business, testified that when the car arrived in Shreveport, Louisiana, he was in New Orleans, and that he called up the representative of his company, Mr. Clark White, on the telephone, and that

"Mr. White told me the potatoes were apparently all right, and he had inspected the potatoes the day they arrived, which I presume was the 11th of January."

The potatoes were permitted to remain on the railroad track in Shreveport, Louisiana, in the car in which they arrived, for ten days and were then reshipped to Fort Worth, Texas, and from that place to Wichita Falls, Texas. On their arrival at Wichita Falls, Texas, they were found to be frost-bitten.

The fact that the potatoes were found to be frost-bitten on their arrival in Wichita Falls, Texas, is not proof that they were in that condition when loaded in the car at Bokohoma, Oklahoma.

A half dozen potatoes were taken out of the car while it was in Shreveport and these were found to be frost-bitten, and it is contended by defendant that this proves that all of the potatoes were then in that condition and were in that condition when they were put in the car at Bokohoma, Oklahoma. But the half dozen potatoes were not taken out of the car until it had stood in the railroad yards at Shreveport for several days. Their condition is not proof that the potatoes were damaged on their arrival in Shreveport or when loaded in the car at Bokohoma, Oklahoma.

The burden was on defendant to establish the defense pleaded that the potatoes were frost-bitten before being put in the car at Bokohoma, Oklahoma, and this it failed to do.

The trial judge was of this opinion and we think the evidence justified the conclusion.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.